Plaintiff brought this suit for recovery of benefits claimed to be due under the terms of an accident and sick benefit policy issued by the defendant company on October 26, 1931, together with penalties and attorney's fees under the provisions of Act No. 310 of 1910.
The facts show that the policy was is sued to plaintiff by the defendant company on October 26, 1931. On November 27, 1944, plaintiff became ill and she alleges that her illness continued beyond the maximum period of six months, under which benefits were payable according to the provisions of the policy, the particular clause governing such benefits reading as follows: "At the rate of Thirty Dollars per month for the number of consecutive days, not exceeding six months, that the Insured is necessarily, totally and continuously confined in the bed and visited at the house at least once in each seven days by a legally qualified physician by reason of sickness or disease that is contracted and begins during the life of this policy and after thirty days from date hereof."
Plaintiff was first attended by Dr. Mye Haddox, who diagnosed her illness as "hepatitis and hypertension", as shown in the notice of illness filled out by the said *Page 707 
doctor and transmitted to defendant by letter of date December 1, 1944.
On December 12, 1944, after having visited plaintiff on December 5th, Dr. Haddox filled out a form furnished by defendant and designated as "Claimant's Final Report of Sickness", which report was signed by plaintiff. Defendant's check in the sum of $15 was forwarded to plaintiff on December 15, 1944. The check bore, above the line provided for endorsement by the payee, the following printed acknowledgment: "Received of Washington National Life Insurance Company $15.00 in full payment, satisfaction, discharge and release of any and all claims that I myself, my heirs, executors, administrators, assigns or beneficiaries now have or may hereafter have against said Company under Policy No. MW-55996 arising on account of injuries received or illness contracted on or about the 27th day of November, 1944, and any loss that may hereafter result from said injuries or illness."
The check bearing the above notation was duly endorsed and cashed by plaintiff.
By letter dated March 14, 1945, after plaintiff had made her regular premium payments on the policy for the months of January and February, defendant advised that they were retiring from the continuance of the policy contract; were returning postal money order dated February 27, 1945, in the amount of $1.50 (which was the premium payment tendered by insured for the month of March); were also returning the insured's premium receipt book and would refuse to accept further premiums under the policy in question. This action was protested by plaintiff in a letter directed to defendant, which letter was answered by the defendant, attention being called to the clause of the policy providing that "The acceptance of any renewal premium shall be optional with the Company."
Thereafter, plaintiff, through her counsel, made demand on the company for benefits under the policy, claiming that she had been continuously disabled from and after the date of November 27, 1944. This claim being rejected, plaintiff brought this suit. After trial there was judgment in favor of defendant rejecting plaintiff's demands, from which judgment plaintiff has appealed.
[1] In our opinion, the facts established by the record in this case admit of only one conclusion. While there is apparently inexplicable conflict of testimony with reference to the extent, degree and duration of plaintiff's disability, reference to written exhibits leads inevitably to the conclusion that the claim asserted by plaintiff, which is the basis of this suit, was an afterthought inspired by the cancellation of the policy.
The testimony of Dr. Haddox is clear and, we think, convincing, to the effect that plaintiff was taken ill, suffering from inflammation of the liver and high blood pressure, on November 27, 1944; was treated for the illness and filed final proof of her claim for benefits under the policy after her recovery on date of December 12, 1944.
It is strenuously urged on behalf of plaintiff that she never did recover from the illness which began on November 27, 1944; that she was continuously disabled; that she did not know the claim filled out by Dr. Haddox, her attending physician, and signed by her, was a final claim, and that, accordingly, she was not bound thereby.
[2, 3] Plaintiff has failed to establish the first two contentions by a preponderance of the evidence, and her claims are refuted by the testimony of Dr. Haddox, who was a witness for the plaintiff. As to the claim that she executed a so-called final claim under a misconception of the nature of the form, we think the facts overwhelmingly controvert such a contention. It is shown that plaintiff asserted a number of claims under the same policy, against the same company, and it necessarily follows that she was familiar with the forms and the procedure involved therein. It is also significant that, after receiving the payment on December 15, 1944, despite her allegations in this suit to the effect that she had not recovered from the illness complained of and did not intend to accept such payment in complete and final settlement, plaintiff voluntarily made premium payments for the months of January, February *Page 708 
and March, though the latter payment was returned, and made no attempt during this period to assert any further claim by reason of her purported continuous disability.
It is true that a letter of plaintiff's counsel dated April 6, 1945, making demand, apparently contained a preliminary illness report signed by Dr. N.L. Lacy. The date of this report was shown to be November 27, 1944, but on the reverse of said form the date of plaintiff's execution is shown as April 5, 1945.
Despite the testimony of plaintiff and of Dr. Lacy to the effect that plaintiff was under Dr. Lacy's treatment on November 27, 1944, and continued thereunder, not having been discharged at the time of trial of this case, we cannot accept these facts as having been established, and can only conclude that both plaintiff and Dr. Lacy were in error. This conclusion is based upon the consideration of a number of established facts:
(1). The April 6th letter of plaintiff's counsel, directed to the defendant, plainly stated that she was first attended by Dr. Haddox, but "is now under the treatment of Dr. N.L. Lacy * * *."
(2). Another letter, directed to the defendant by plaintiff's counsel, dated April 24, 1945, contained the statement that "the insured was treated by Dr. Mye Haddox on November 27, 1944, and treated by him until December 12, 1944. She then called in Dr. N.L. Lacy, who is presently treating her for the same identical illness".
(3). The above letter enclosed a disability claim dated April 24, 1945, signed by both Dr. Lacy and plaintiff. It appears that the form of this claim had been discontinued by the defendant company some four years prior to its submission by claimant, and it can only be concluded that it was an old form which had been in plaintiff's possession for a long period of time.
In view of the fact that plaintiff promptly asserted her first claim, which was transmitted to the insurer some two weeks after the beginning of her illness, it is difficult to understand why she permitted the lapsing of more than three months after receipt of payment of such claim before asserting any further rights.
The learned Judge of the District Court, who presided at the trial of this case, observed the witnesses and heard their testimony, called attention to all of these facts in a well-considered written opinion, with which opinion and the conclusion reached therein we are in thorough accord.
We do not find the authorities cited in plaintiff's brief applicable to the issues here involved. Only questions of fact are at issue and plaintiff has failed to establish the facts necessary for recovery. This case does not concern matters of delay, defects in claims or related questions, but only the proposition as to the existence of plaintiff's disability. Plaintiff has failed to prove the continuance of the disability which resulted from her illness of November 27th beyond the date of December 12th, at which time she was certified by her attending physician as being able to go about her ordinary household duties. On this representation full and complete settlement was made by the insurer, and no further claim was advanced by plaintiff until after notification of the cancellation of the policy was made to her some months later. The entire course of plaintiff's conduct and action during the period between December 12, 1944, and April 6, 1945, is utterly inconsistent with the allegations upon which she bases her claims to benefits from the defendant, and is irreconcilably at variance with any conception of reasonable, proper, logical and consistent procedure. Plaintiff is not an ignorant, gullible individual, and, on the contrary, is obviously above the average in intelligence and understanding. The record discloses beyond question that plaintiff was familiar with the provisions of her policy, and her failure to comply with these provisions and to make proper presentation and demand for benefits can only be construed as evidence of the fact that she neither had nor claimed to have a just and proper claim beyond the benefits received.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost. *Page 709